In The Matter of:

William Jeffrey Brooks

Chapter 7 Case No. 13-10860-SDB

       Debtor(s)

James L. Drake, Jr., Trustee

Vs.

B&A Flowers, LLC
Rhonda Dugan
a/k/a Rhonda Duggan,
       Defendant(s)

ADVERSARY PROCEEDING

No. 15-01023-SDB

MOTION TO DISMISS ADVERSARY PROCEEDING NO. 15-01023-SDB UNDER CODE 11 U.S.C. 546

Briefs Attached

FILED 2016 APR -4 AM 10:39 U.S. BANKRUPTCY COURT AUGUSTA, GA

5

April 4, 2016

To the Honorable Judge Barrett:

Judge Barrett, I filed a Motion for Dismissal in your Court concerning Case Adversary Proceeding No. 15-01023-SDB. I have reviewed what I filed and would like to bring one more thing to your attention. I have attached to this following Motion Follow-Up the date in which Mr. Todd Boudreaux was and accepted being the Trustee in the Chapter 7 Case against William Jeffrey Brooks, Case No. 13-10860-SDB on 05-21-2014. I have enclosed a copy where Mr. Boudreaux signed and dated accepting this appointment on 05-21-2014.

Judge Barrett, whether Mr. Drake intends to use 5-21-2014 as his Adversary date, or 5-22-2014 that was the filing date, Your Honor, 5-21-2014 to 5-21-2015 is still 366 days. Your Honor, also the Adversary filing date of 05-22-2014, to 05-22-2015 is still 366 days. Under the Code Section listed below Mr. Drake, Trustee, had one year or 365 days to file his Adversary and he missed that date, clearly, either way he would like the Court to look at it by one day of the statute of limitations provided in U.S.C. 546 below.

11 U.S.C. §546

(a) An action or proceeding under section 544, 545, 547, or 553 of this title may not be commenced after the earlier of--

    (1) the later of--

        (A)  2 years after the entry of the order for relief; or

        (B)  1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A);

Or

    (2) the time the case is closed or dismissed.

Please take very careful notice of the dated below to validate the statute above I have provided for you.

William Jeffery Brooks; Chapter 11 case no. 13-10860-SDB filed 5/14/2013

Converted to Chapter 7 on 5/22/2014

First Trustee appointed 5/22/2014

2 Years from Petition Date 5/13/2015

Please notice that you are passed both date deadlines that are required by the statute above.

I. Memorandum of Law in Support to Motion to Dismiss

Under 11 U.S.C. §546(a), avoidance actions such as the one filed by Plaintiff are barred if they are filed later than two years after the entry of the Order for Relief. The only exception is if a Trustee is appointed during the two year period at which time the Trustee is granted an additional year within which to file avoidance actions. See Collier on Bankruptcy (16th Edition) at 546.02, p. 546-13 ("(i")f a Trustee is not appointed or elected prior to the expiration of the initial two-year period, commencement of avoidance actions is time-barred, even if a trustee is subsequently appointed or elected in this case.").

Moreover, in a case converted from one chapter to another, as in the case at bar, the two years under section 546(a)(1)(A) begins at the date of the <u>original</u> order for relief and not at the cerversion date. Ld. At footnote 29. See also, Bergquist v. Vista Dev., Inc. 222 B.R. 865, 868 (Bankr.D.Minn.1988) ("Conversion of a case...does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.")

In this case Debtor's Chapter 11 was filed on April 5, 2011. No Trustee was appointed until the case for converted on March 5, 2014. Accordingly, the Statute of limitations set forth in 11 U.S.C §546(a), within which avoidance actions must be filed, expired on April 5, 2013.

Plaintiff's Adversary Proceeding should therefore be dismissed as failing to state a claim upon which relief may be granted. Acvo Corp, v. precision Air Parts, Inc., 676 F.2d 495 (11th Cir. 1982) ("(A) statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6) when the complaint shows on its face that the limitations period has run.") (citations omitted).

Judge Barrett, I have attached with this filing several pieces of evidence for your review to back up my claim.

I Rhonda Duggan, owner of B&A Flowers, LLC and a named Co-Defendant in the above Adversary, acting as pro se for Rhonda Duggan, ask the Court to dismiss the case with prejudice, because the limitations statute law has expired as clearly stated in the attached brief.

Sincerely,

Rhonda Duggan, Pro Se

Pro-SE

Owner, B&A Flowers, LLC

## CERTIFICATE OF SERVICE

April 4, 2016

    I, Rhonda Duggan, do hereby certify that I have this day served the attached Follow-Up Motion to Dismiss Adversary Proceeding No. 15-01023-SDB

Unto:

TO: James L. Drake, Jr., PC, Trustee

    7 East Congress Street, Suite 901

    P.O. Box 9945

    Savannah, Georgia  31412

TO: Joel Paschke

    Attorney for U.S. Trustee

    Johnson Square Business Center

    2 East Bryan Street

    Suite 725

    Savannah, Georgia  31401

By placing same in the United States mail with sufficient postage attached prior to filing.

    This the 4th day of April, 2014.

*[signature]* Pro-SE

RHONDA DUGGAN, PRO SE